IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA
CIVIL DIVISION

PEDRO GONZALEZ, on behalf of
himself and others similarly situated,

      Plaintiff,

v.                              CASE NO.: 2018-CA-000559-16-L

CAR WASH HEADQUARTERS, INC.
d/b/a MISTER CARWASH, a Foreign
Profit Corporation and JEFFREY BURR,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PEDRO GONZALEZ ("Plaintiff"), on behalf of himself and others similarly situated, hereby sues the Defendants, CAR WASH HEADQUARTERS, INC. d/b/a MISTER CARWASH ("MISTER CARWASH") and JEFFREY BURR ("BURR") (collectively "Defendants") and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

2. Venue lies within Seminole County because a substantial part of the events giving rise to this claim arose in this Judicial District.

3. At all times material, Plaintiff is and was a resident of Florida.

4. At all times material, Defendant MISTER CARWASH was/is a Foreign Profit Corporation authorized to conduct business in the State of Florida, and operates a car wash at 3720 Lake Emma Rd, Lake Mary, FL 32746.

5.     At all times material, Defendant BURR is and was a resident of Seminole County.

## **GENERAL ALLEGATIONS**

6.     Defendant MISTER CARWASH operates car wash and express lube services.

7.     Defendant BURR is the Regional Manager for the Lake Mary location of MISTER CARWASH.  In that position, BURR exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

8.     Defendants are employers as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq*. ("FLSA").

9.     At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and during all relevant times had at least two employees and had an annual dollar volume of sales or business done of at least $500,000.

10.    Plaintiff was employed by Defendants from 2014 through April 24, 2017 as a Customer Sales Associate ("CSA"), during which time he was engaged in commerce.

11.    This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiff and all others similarly situated who are or were employed by Defendants as CSAs.

12.    Plaintiff and others similarly situated were employees of Defendants under the FLSA.

2

13. Defendants failed to comply with the FLSA because Plaintiff, and other similarly situated employees, were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

14. The additional persons who may become Plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who were required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

15. Defendant BURR is subject to individual liability under the FLSA because he acted directly or indirectly in the interest of the employer in relation to Plaintiff, exercised significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

16. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated. Defendants did not have reasonable grounds for believing that their acts were not a violation of the FLSA.

17. During his employment, Plaintiff complained to management, objecting to Defendants' failure to properly pay overtime compensation.

18. After Plaintiff objected to the unlawful pay practices, Defendants terminated Plaintiff's employment in retaliation for his protected activity under the FLSA.

19. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## OVERTIME – FLSA (BOTH DEFENDANTS)

20. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 19 as if fully restated herein.

21. During the three (3) year period prior to filing this action, Defendants failed to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

22. Defendants' failure to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

23. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

**WHEREFORE**, Plaintiff respectfully requests, on behalf of himself and all others similarly situated, that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendants to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT II
## RETALIATION – FLSA (BOTH DEFENDANTS)

24. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 19 as if fully restated herein.

25. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such

employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding…."

26. By complaining about Defendants' unlawful pay practices which were violative of the FLSA, Plaintiff engaged in an activity protected by the FLSA.

27. By being discharged, Plaintiff suffered an adverse action by Defendants immediately subsequent to his protected activity.

28. Plaintiff's termination and other adverse employment actions were directly caused by, and was a result of, his protected activity.

29. By discharging Plaintiff and otherwise imposing adverse employment actions upon him because of his statutorily protected activity, Defendants engaged in unlawful retaliation in violation of 29 U.S.C. § 215(a).

30. Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, anguish, interest and attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants and relief in the form of:

(i) Economic damages, including lost wages, benefits, and other remuneration;

(ii) Reinstatement of full fringe benefits;

(iii) Front and back pay;

(iv) Liquidated damages;

(v) Any other compensatory damages allowable under the law;

(vi) Attorneys' fees and costs pursuant to the FLSA;

(vii)    Emotional distress damages;

(viii)   Punitive damages;

(ix)    Prejudgment and post-judgment interest; and

(x)    Any other relief the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 1ST day of March, 2018.

>Respectfully submitted,
**WHITTEL & MELTON, LLC**
*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
Pleadings@theFLlawfirm.com
  lechnerj@theFLlawfirm.com
  sonia@theFLlawfirm.com
*Attorneys for Plaintiff*