**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PEDRO GONZALEZ and DANIELLE
HERSLEBS on behalf of
themselves and others similarly situated,

      Plaintiff,

v.                                          Case No.: 6:18-cv-504-PGB-GJK

CAR WASH HEADQUARTERS, INC.
d/b/a MISTER CARWASH, a Foreign
Profit Corporation and JEFFREY BURR,

      Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs PEDRO GONZALEZ and DANIELLE HERSLEBS ("Plaintiffs"), on behalf of themselves and others similarly situated, hereby sue the Defendants, CAR WASH HEADQUARTERS, INC. d/b/a MISTER CARWASH ("MISTER CARWASH") and JEFFREY BURR ("BURR") (collectively "Defendants") and allege as follows:

## JURISDICTION, VENUE AND PARTIES

1. This is an action brought under the Fair Labor Standards Act ("FLSA").

2. Venue lies within the Middle District because a substantial part of the events giving rise to this claim arose in this Judicial District.

3. At all times material, Plaintiff is and was a resident of Florida.

4. At all times material, Defendant MISTER CARWASH was/is a Foreign Profit Corporation authorized to conduct business in the State of Florida, and operates a car wash at 3720 Lake Emma Rd, Lake Mary, FL 32746.

5. At all times material, Defendant BURR is and was a resident of Seminole County.

## GENERAL ALLEGATIONS

6. Defendant MISTER CARWASH operates car wash and express lube services.

7. Defendant BURR is the Regional Manager for the Lake Mary location of MISTER CARWASH. In that position, BURR exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

8. Defendants are employers as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq*. ("FLSA").

9. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and during all relevant times had at least two employees and had an annual dollar volume of sales or business done of at least $500,000.

10. Plaintiff PEDRO GONZALEZ was employed by Defendants from 2014 through April 24, 2017 as a Customer Sales Associate ("CSA"), during which time he was engaged in commerce.

11. Plaintiff DANIELLE HERSLEBS was employed by Defendants from January 2016 through March 2017 as a CSA, during which time she was engaged in commerce.

12. This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiffs and all others similarly situated who are or were employed by Defendants as CSAs.

13. Plaintiffs and others similarly situated were employees of Defendants under the FLSA.

14. Defendants failed to comply with the FLSA because Plaintiffs, and other similarly situated employees, were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

15. The additional persons who may become Plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who were required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

16. Defendant BURR is subject to individual liability under the FLSA because he acted directly or indirectly in the interest of the employer in relation to Plaintiffs, exercised significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

17. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiffs and all other similarly situated. Defendants did not have reasonable grounds for believing that their acts were not a violation of the FLSA.

18. During his employment, Plaintiff PEDRO GONZALEZ complained to management, objecting to Defendants' failure to properly pay overtime compensation. After Plaintiff PEDRO GONZALEZ objected to the unlawful pay practices, Defendants terminated his employment in retaliation for his protected activity under the FLSA.

19. During her employment, Plaintiff DANIELLE HERSLEBS complained to

management, objecting to Defendants' failure to properly pay overtime compensation. After Plaintiff DANIELLE HERSLEBS objected to the unlawful pay practices, Defendants terminated her employment in retaliation for her protected activity under the FLSA.

20. Plaintiffs have been required to retain the undersigned counsel to represent them in this action and are obligated to pay them a reasonable fee for their services.

## COUNT I
## OVERTIME – FLSA (BOTH DEFENDANTS)

21. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 to 19 as if fully restated herein.

22. During the three (3) year period prior to filing this action, Defendants failed to pay Plaintiffs and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

23. Defendants' failure to pay Plaintiffs and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

24. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiffs and all other similarly situated.

**WHEREFORE**, Plaintiffs respectfully request, on behalf of themselves and all others similarly situated, that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendants to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT II
## RETALIATION – FLSA (BOTH DEFENDANTS)

25. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 to 20 as if fully restated herein.

26. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding…."

27. By complaining about Defendants' unlawful pay practices which were violative of the FLSA, Plaintiffs engaged in an activity protected by the FLSA.

28. By being discharged, Plaintiffs suffered adverse actions by Defendants immediately subsequent to their protected activity.

29. Plaintiffs' terminations and other adverse employment actions were directly caused by, and was a result of, their protected activity.

30. By discharging Plaintiffs and otherwise imposing adverse employment actions upon them because of their statutorily protected activity, Defendants engaged in unlawful retaliation in violation of 29 U.S.C. § 215(a).

31. Plaintiffs have suffered damages including lost wages, lost benefits, emotional distress, anguish, interest and attorney's fees and costs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants and relief in the form of:

(i) Economic damages, including lost wages, benefits, and other remuneration;

(ii) Reinstatement of full fringe benefits;

(iii)     Front and back pay;

(iv)     Liquidated damages;

(v)     Any other compensatory damages allowable under the law;

(vi)     Attorneys' fees and costs pursuant to the FLSA;

(vii)     Emotional distress damages;

(viii)     Prejudgment and post-judgment interest; and

(ix)     Any other relief the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues.

Respectfully submitted,

**WHITTEL & MELTON, LLC**
*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
Pleadings@theFLlawfirm.com
lechnerj@theFLlawfirm.com
rgerner@theFLlawfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which automatically served the foregoing document and the notice of electronic filing by electronic mail to the following CM/ECF participants: najohnson@littler.com; and kdoud@littler.com.

/s/ Jay P. Lechner_____
Jay P. Lechner, Esq.

6